## HENSLER v. STIX et al., Appellants.

**Division One, December 22, 1904.**

1. **APPELLATE JURISDICTION: Amount in Dispute.** The amount in dispute where defendant appeals is the amount of the judgment appealed from. So that, if the judgment was for $6,250, and plaintiff files a remittitur of $2,250, and judgment is rendered for $4,000, the defendant's appeal, unless it otherwise falls within the jurisdiction of the Supreme Court, is to the proper court of appeals.

2. ———: **Nine-Jury Law: Unanimous Verdict.** Where the verdict returned was unanimous, there is no constitutional question in the case arising from the fact that the court instructed the jury that a verdict might be returned by nine of their number.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*James A. Seddon* and *Robert A. Holland, Jr.,* for appellants.

*John E. Eggers* and *Hainer & Hodgdon* for respondent.

BRACE, P. J.—This is an appeal by the defendants from a judgment in favor of the plaintiff for the sum of four thousand dollars in an action for damages for personal injuries. The plaintiff in her petition asked for damages in the sum of fifteen thousand dollars. The jury returned a verdict in her favor for the sum of six thousand two hundred and fifty dollars.

On motion for new trial she remitted the sum of two thousand two hundred and fifty dollars, and judgment was rendered in her favor against the defendants for said sum of four thousand dollars, from which judgment the defendants appeal.

The amount in dispute on such appeal is the amount of the judgment appealed from (State ex rel. v. Lewis, 96 Mo. 146; Reichenbach v. U. M. Ben. Assn., 112 Mo. 22; McGregor v. Pollard, 130 Mo. 332; Douglas v. Kansas City, 147 Mo. 428), and as that amount is less than $4,500, the appeal should have gone to the St. Louis Court of Appeals, so far as the amount in dispute is concerned. [Laws 1901, p. 107.]

The verdict returned by the jury was unanimous. There is therefore no constitutional question in the case arising from the fact that the court instructed the jury that a verdict might be returned by nine of their number. [Portwright v. St. Louis Transit Co., 183 Mo. 72.] And this being the only other ground upon which the jurisdiction of this court could be predicated, the case is manifestly within the jurisdiction of the St. Louis Court of Appeals, to which it should be transferred, and it is accordingly so ordered. All concur, except *Robinson, J.*, absent.