MARGUERITE MURRAY by MRS. F. L. REECE, Guardian, v. MARSHALL-HUGHES COMPANY and OCEAN ACCIDENT & GUARANTEE CORPORATION, LIMITED, Appellants.—34 S. W. (2d) 34.

Division One, January 5, 1931.

*Henry S. Conrad, L. E. Durham, Hale Houts* and *Spurgeon L. Smithson* for appellants.

*Fred A. Boxley* and *Elmer B. Hodges* for respondent.

GANTT, P. J.—Action for compensation under the Missouri Workmen's Compensation Act.

Claimant, Marguerite Murray, by guardian, filed with the Workmen's Compensation Commission a claim against Marshall-Hughes Company, employer, and Ocean Accident & Guarantee Corporation, insurer, for compensation for the death of her mother, Eva L. Murray, who was killed in New Jersey on August 29, 1927, while in the employ of said company. The amount of compensation claimed was $10,623. The Commission awarded $10,620. On appeal to the circuit court the award was affirmed. Thereupon the employer and insurer appealed to this court.

"At the hearing it was conceded on behalf of the employer and insurer that claimant's mother, while in the employ of the Marshall-Hughes Company, met her death near Ocean City, New Jersey, when

an automobile in which she was riding was struck by a train at a grade crossing; that at the time she was engaged in soliciting orders for her employer; that her average weekly earnings were $53.11; that she had been separated from her husband some four years, and he had been living in Florida and not contributing to the support of the deceased or the claimant; that the deceased supported the claimant from her own earnings; that claimant was sixteen years of age on June 2, 1928, and was living with the deceased in New Jersey at the time. The Commission found the facts in accordance with these admissions.''

The act was construed by the Commission as providing a total death benefit to be determined by multiplying 66⅔ per cent of the average weekly earnings of the employee by 300. The amount of the award under this claim was determined by multiplying $35.40, taken to be 66⅔ per cent of the average weekly earnings, by 300, making the total sum of $10,620. The payments awarded were $20 a week for five hundred and thirty-one weeks. Appellants challenge this construction. They contend the award of the Commission should have been limited to the period between the death of the mother and the eighteenth birthday of claimant, at the end of which time dependency as a question of fact should be determined by the Commission.

In other words, it is admitted that claimant was entitled to compensation from August 29, 1927, the date of the death of her mother, to June 2, 1930 (claimant's eighteenth birthday) at $20 per week, or a total sum of $2860, which, deducted from $10,620 indicates the amount in dispute to be $7760.

The answer to this contention is well stated by respondent as follows:

''What would be the situation if the Commission were to undertake to make a redetermination of the dependency when the claimant reached the age of eighteen? The claimant could not be dependent upon the deceased at the time of the redetermination, for the reason that the deceased had been dead two years. It is not the intention of the act that the question of dependency shall be determined as of any time, excepting the date of the injury. This is shown by subdivision (d) which provides:

'' 'The word ''dependent'' as used in this act shall be construed to mean a relative by blood or marriage, of a deceased employee, who is actually dependent for support, in whole or in part, upon his wages at the time of the injury.' [Laws 1927, p. 503.]

''Also in paragraph 2, under the subdivision, it says:

'' 'In all other cases, questions of total or partial dependency shall be determined in accordance with the facts at the time of the injury.' [Laws 1927, p. 504.]

"Suppose a redetermination is had at the time that the claimant reaches the age of eighteen years. The question of dependency under these provisions, is to be determined as of the date of the injury. But the dependency, as of that date, has already been determined, so that the second determination would be a useless thing.

"The age of eighteen has to do only with the presumption of dependency at the time of the injury. A child under the age of eighteen, living with its parents is conclusively presumed to be dependent. Over that age, such dependency becomes a question of fact which must be proved.

"The appellants call attention to the fact that upon the death or remarriage of a widow, the death benefit shall cease, and from that concludes that there are other circumstances under which the right to the death benefit can be cut off. This is not the law. Under the maxim, *expressio unium est exclusio alterius,* the expression of such a contingency upon which the right to the death benefit should be cut off excludes the idea that it could be cut off under any other contingency not expressly provided.

"The redetermination asked for by the appellants would be an absurdity and this point is wholly without merit."

Appellants also contend the act fixes a maximum of $6,000 for death benefit. They state the contention as follows:

"The Commission in making its award determined and fixed the total death benefit at 300 times 66⅔ per cent of the deceased's average weekly earnings, that is to say, 300 times $35.40, and awarded weekly compensation at the rate of $20 a week for 531 weeks, in order to cover the total amount of the death benefit so fixed.

"It is our contention that in any case arising under the act, $20 per week is the maximum amount which should be considered in computing a death benefit; that where 66⅔ per cent of the average weekly earnings exceeds the amount of $20 per week then the total death benefit is to be determined by multiplying $20, as a weekly maximum, by 300, and that this benefit is payable in weekly installments of $20 per week for 300 weeks only."

The identical contention was made in Wahlig v. Krenning-Schlapp Grocer Co., 325 Mo. 677, 29 S. W. (2d) 129, l. c. 132. In ruling the question we said:

"This contention calls for the construction of Section 21 of our Compensation Law, which deals exclusively with the subject of death benefits. The provisions of this section with which we are now particularly concerned read as follows:

" 'Sec. 21. If the injury causes death, either with or without disability, the compensation therefor shall be *as provided in this section.*' [Laws 1927, p. 502.]

" '(b) The employer shall also pay to the total dependents of the employee *a single total death benefit,* the amount of which shall be determined in the following manner to-wit: There shall first be determined as a basis for computation 66⅔ per cent *of the. employee's average weekly earnings* during the year immediately preceding the injury *as provided in section 22* and such amount shall then be *multiplied by three hundred* and the amount so determined shall be *the amount of such death benefit.,* The death benefit provided for shall be payable in installments in the same manner that compensation is required to be paid under this act, but in no case less than at the rate of six dollars per week, nor more than *twenty dollars per week.* There shall, however, be deducted from such death benefit any compensation which may have been paid to the employee during his lifetime for the injury resulting in his death.' [Laws 1927, p. 503.]

"Section 22 provides that:

" 'The basis for computing the compensation provided for in this act shall be as follows:

" '(a) The compensation shall be computed on the basis of the annual earnings which the injured person received as salary, wages or earnings if in the employment of the same employer continuously during the year next preceding the injury.' [Laws 1927, p. 504.]

"The first clause of Section 21 says: 'If the injury causes death, either with or without disability, the compensation therefor shall be *as provided in this section.'* This clearly indicates, we think, that the Legislature intended to make Section 21 independent of every other section of the law except the sections referred to in Section 21. Section 21 (b), which prescribes the method of computing and paying death benefits, says that the employee's average weekly earnings during the year next before the accident shall be determined 'as provided in section 22,' and that 'the death benefit provided for shall be payable in installments in the same manner that compensation is required to be paid under this act.' The manner of payment thus referred to is provided for in Section 14 (b), as follows: 'Compensation shall be payable as the wages were paid prior to the injury, but in any event at least once every two weeks.' Section 21 (b) also says: 'There shall, however, be deducted from such death benefit any compensation which may have been paid to the employee during his lifetime for the injury resulting in his death.' Did the Legislature intend to otherwise limit the amount of the death benefit in any case, or to limit the period of the installment payments thereof to three hundred weeks? We think not. True, Section 7 (b) provides, in effect, that no death benefit shall be paid unless the death of the employee occurs within three hundred weeks after the accident. But we find nothing in this section, nor in any other

section of the law, which indicates an intenton to limit the installment payments of death benefits to a period of three hundred weeks. In this connection, it should be noted that Sections 15, 16 and 17 provide for the payment of compensation for disability resulting from various kinds of injuries for periods ranging from *eight to four hundred weeks;* and that Section 18 (a) provides for the payment of compensation 'for life' in cases of permanent total disability. Having thus specified the periods during which compensation shall be paid for various classes of disability, we may reasonably assume that the Legislature would have limited the period during which death benefits shall be paid if any such limitation had been intended. Moreover, there was no reason for specifying the period during which death benefits shall be paid, because Section 21 (b) prescribes the method of computing the *total amount* of the death benefit in any case, and the *rate per week* of the installment payments thereof, and *the manner* in which such installments shall be paid. This, in our opinion, is the proper construction of Section 21 (b). We conclude, therefore, that the total death benefit in this case was correctly computed by the Commission, and that the total amount awarded does not exceed the amount authorized by our Compensation Law.''

We are satisfied with our ruling on the question in that case. It follows the judgment should be affirmed. It is so ordered. All concur.