Eva Toice Gayhart, Respondent v. Monarch Wrecking Company and Hartford Accident & Indemnity Company, Appellants. —49 S. W. (2d) 265.

Kansas City Court of Appeals. April 4, 1932.

*Johnson, Lucas, Landon & Graves, Ludwick Graves* and *Irvin Fane* for respondent.

*Thomas J. Brown* for appellants.

BLAND, J.—This is an appeal by the employer and the insurer from a judgment of the circuit court affirming an award of the compensation commission in favor of plaintiff, who is the widow of Ralph A. Gayhart. Gayhart died as a result of injuries received in an accident arising out of and in the course of his employment with the defendant, Monarch Wrecking Company.

The commission found that deceased's average weekly wage, during the year immediately preceding his death, was $50.48, and, accordingly, the commission determined the basis of compensation to be sixty-six and two-thirds per cent of $50.48, multiplied by 300,

making the total amount of the death benefit $10,096. In addition to this an award was made for burial expenses in the sum of $150. The benefit was ordered paid at the rate of $20 per week for 504.8 weeks or until prior death or remarriage of the claimant.

Defendants insist that the award should have been for $6,000. This contention is based upon the claim "that the rate of compensation should have been founded upon the actual weekly wages, but not in any event more than $20 per week, multiplied by sixty-six and two-thirds times 300, and in any event not more than $6,000, plus funeral expenses not exceeding $150."

Defendants admit that the Supreme Court, the St. Louis Court of Appeals and this court have held against a similar contention (see Murray v. Marshall-Hughes Co., 34 S. W. (2d) 34; Wahlig v. Grocer Co., 29 S. W. (2d) 128; Sleyster v. Donzelot et al., 25 S. W. (2d) 147; Anderson v. Aetna Bricklaying & Const'r. Co., 27 S. W. (2d) 755), but state that this case should be distinguished from those in that the employer, in the case at bar, has the right of subrogation against a negligent third party stated to be, "the contractor that furnished the defective beam and derrick;" that under the death statute of this State, providing for recovery for wrongful deaths, the third party's maximum liability is $10,000; that under a liberal construction of the compensation act, as provided by section 3374, Revised Statutes 1929, the employer should be permitted to recover, if possible, from the negligent third party, the full amount that it is compelled to pay claimant under the act.

As we understand defendants' contention it is, that if we apply the method of compensation used by the commission in a case where there is a recovery over against a negligent third party, although this method has been upheld by the Supreme Court and two of the Courts of Appeals in this State where a negligent third party was not involved, it might, and did in this case, result in a recovery of a greater sum than the $10,000, provided for in the wrongful death statute; that a reading of the compensation act in its entirety discloses that it was the intention of the Legislature not to permit this; that, consequently, the said method of calculation is wrong in this instance, as it would result in a recovery in this case in excess of that contemplated by the compensation act, as a whole, and, therefore, the rate of compensation would be based upon a weekly wage of not more than $20.

It seems to us that the matter of basing a recovery upon a weekly wage of $20, as contended by defendants, has been settled in so far as this court is concerned, by the holding of the Supreme Court in the cases of Wahlig v. Grocer Co., supra, and Murray v. Marshall-Hughes Co., supra (the amount of the award in the latter case being in excess of $10,000). It is true that in none of the four cases we

have cited was the subrogation statute, section 3309, Revised Statutes 1919, discussed or involved. However, defendants' suggested method of calculating compensation was expressly repudiated in those cases, and we think that the only real question that can possibly arise in this case is whether or not the award should have been in the sum of $10,000 instead of a sum in excess thereof.

Upon examining the record we fail to find any suggestion that deceased was killed by the negligence of a third party. The only thing that we find in the record in reference to his death is that he was working as an iron worker in wrecking a building for his employer; that "deceased was on end of derrick boom when it broke, letting him fall to the ground about forty feet below." Defendants' brief suggests that a contractor furnished the defective beam and derrick but there is no suggestion in the record to this effect. Therefore, we see no difference in the facts in this case from those cases we have cited.

However, in any event, there is no merit in defendants' contention. There is nothing in the compensation act indicating that the award should be less than $10,000 in every instance where the accident results in the death of the employee. Section 3309, the provision of the compensation act relied upon by defendants, reads as follows:

"When a third person is liable to the employer or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the defendants against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents would have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer, after deducting the expenses of making such recovery shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer, on account of any future installments of compensation."

It is defendants' contention that there is nothing in the compensation act providing that the employer, in any death case, can recover against a negligent third party, in excess of $10,000, the amount limited in the statute creating a cause of action for wrongful death, and that section 3309 "implies that there should always be an excess to turn over to the employee when a full recovery was made against the negligent third party. *'In excess of the compensation'* and *'after deducting,'* are the words used."

Of course, if the statute means that there should always be an excess in the amount of recovery against a negligent third party,

then, as that recovery is limited to $10,000, the employee would not be entitled to recover a greater sum from the employer. However, this manifestly cannot be the meaning of the statute. An instructive discussion of this subrogation statute is found in the case of McKenzie v. Missouri Stables, 34 S. W. (2d) 136. In the opinion in that case, 1. c. 140, it was intimated that there is nothing in the compensation act tending to show that the Legislature meant to increase the amount of recovery in a suit for death by a wrongful act in a case brought by the employer against a negligent third party. This no doubt is the correct view. However, on the other hand, there is nothing in the compensation act indicating that the Legislature meant that in a proceeding under it, the recovery should be limited to $10,000 where the accident resulted in the death of the employee. Section 3309 cannot mean what defendants contend. Of course, the theory of recovery under the compensation act on the one hand and under the common law or statutes founded upon the common law theory of recovery on the other are so at variance that it is readily seen that there might be a substantial recovery under the compensation act and a very small one, if any at all, by the employer against a negligent third party. In Kemper v. Gluck, 21 S. W. (2d) 922, 923, it is said that the act is not cumulative to or supplemental of the common law, but instead is wholly substitutional in its character. In Schneider, Workmen's Compensation Law (2nd Ed.), par. 1, it is stated that the compensation law is founded upon the principle of insurance and not upon that of negligence; that it is estimated that but thirty per cent of industrial accidents causing disability are due to the fault of the employer unaffected by contributory negligence of the employee (it is fair to assume that less than thirty per cent of such accidents are due to the negligence of third parties, unaffected with contributory negligence) ; that, while it was never intended that the compensation act should give full remuneration for the loss the employee sustains by accident, its purposes are to "substitute a more uniform scale of compensation in case of accidental injury or death, than the ordinary varying and widely divergent estimates of juries" and to avoid the application of such harsh rules of common law as contributory negligence.

When the commission makes an award under the act it is impossible for it to know what a jury will do in the way of estimating damages suffered by those entitled to sue a negligent third party under the death statute. The Legislature never intended that the compensation commission should attempt to do such an impossible thing, even were it qualified to pass upon other questions, such as points of law arising in damage suits. Section 3309 does not contemplate that there should always be an excess in the recovery against a negligent third party, but uses the words "any recovery"

which is equivalent to saying ''a recovery if any.'' We conclude that there is nothing in the compensation act prohibiting a recovery by an employee under it of an amount in excess of the amount recoverable against a negligent third party.

The judgment is affirmed. All concur.