MRS. EMILIE BRAUCH v. SKINNER BROTHERS MFG. CO., Appellant.

MRS. EMILIE BRAUCH v. SKINNER BROTHERS MFG. CO., T. H. MASTIN & COMPANY, Appellants.—51 S. W. (2d) 27.

Division Two, June 10, 1932.

N. W. *Hartman* and *Fordyce, Holliday & White* for appellants.

*John F. Clancy, Vance Newman* and *Allen, Moser & Marsalek* for respondent.

762

WESTHUES, C.—Defendants appealed separately from an order of the Circuit Court of Pike County, Missouri, affirming an award of the Workmen's Compensation Commission in favor of plaintiff and against defendants for four hundred and forty weeks death benefit, at the rate of twenty dollars ($20) per week; a total of eight thousand eight hundred dollars ($8800); also an allowance of one hundred and fifty dollars ($150) burial expenses and one hundred dollars ($100) for medical aid.

The sole contention of defendants is that the evidence failed to prove that the death of deceased, plaintiff's husband, was caused by an accident arising "out of and in the course of" his employment, as is required by Section Three of the Compensation Act.

George Brauch, plaintiff's husband, had been in the employ of defendant, Skinner Brothers Manufacturing Company, for twelve years. On various occasions deceased and other mechanics were ordered, by defendant, to do work on jobs outside of the city of St. Louis. Defendant company on these occasions would advance a certain sum to the workmen for traveling and hotel expenses. The traveling expenses were figured on the basis of the cost of railroad mileage. On the completion of the job the men would make a report of the number of hours of labor performed and would also report the amount expended for board and transportation. If the expense

account was less than the amount advanced for that purpose the difference of the amounts would be charged against the employee's pay. There was some evidence that the workmen were paid for the time engaged in traveling to and from the out of town jobs. One of defendant's foremen testified that, when it was necessary to travel during working hours, the men received credit for that time. However, as a rule the men were asked to travel at night. This was done for convenience sake and for the benefit of the company. The company only paid the men for time spent in traveling during working hours. On September 25, 1928, defendant ordered deceased and three other mechanics to go to Hannibal for the purpose of performing a job for the International Shoe Company, at that place. Oscar Paul was to be the foreman on this particular work. The four men met on the afternoon of September 25, at deceased's home and from there proceeded on their way to Hannibal. Deceased and Charles Jones traveled in one automobile and the other two men made the trip in another car. The car in which deceased was riding was driven by Charles Jones. When they arrived near Bowling Green, Missouri, the car collided with a car parked on the roadway, turned over and injured Brauch, from which injuries he died the following morning.

It is the contention of defendants that the company required Brauch to travel by railroad and that when he undertook to travel by automobile he did so to save a part of the expense account for himself.

From the evidence, we learn that the foremen of the defendant company knew that the men were going to make this trip by automobile. It is also in evidence that this was the usual mode of travel on outside jobs. The expenses allowed the men were figured on the basis of railroad mileage for convenience sake only. No objection was ever made because the employees traveled in cars and thus saved a part of their traveling expenses. This was known to the company. One of defendant's foremen testified that the men were allowed railroad fare for expense of travel, but that the mode of travel was entirely left to the men.

Plaintiff introduced evidence that she was the widow of deceased and that she and her five children were wholly dependent upon deceased for their support. The finding of facts, as made by the Compensation Commission, upon which the final award was made, consists of questions and answers. In so far as material to the issue they are:

"1.   Was there an accident?   Yes.

"2.   Date; September 25, 1928.

"3.   Place: Bowling Green, Missouri.

"4. Was above employee in employ of above employer at the time of accident? Yes.

"5. Did accident arise out of and in the course of the employment? Yes.

"6. Before and at the time of accident had employer elected to accept the act? Yes.

"7. Employee? Yes.

"8. What part of employer's compensation liability for accident is insured by above insurer? All.

"9. Work employee was doing for employer at time of accident:

"10. How accident happened: Driving to a job outside of the city of St. Louis when automobile overturned.

"11. Did accident cause death? Yes. . . .

"18. Employee's average weekly wages: $44.00.

"19. Weekly compensation: $20.00. . . .

"Compensation Due.

"21. Value necessary medical aid not furnished by employer or insurer: To Dr. Willis Young . . . $100.00.

"22. Amount of compensation due:

440 weeks compensation at rate of $20.00 per week_____$8,800.00"

The circuit court affirmed the award and finding of the commission. Section 3 of the Compensation Act, now Section 3301, Revised Statutes 1929, provides in part as follows:

"If both employer and employee have elected to accept the provisions of this chapter, the employer shall be liable irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment . . ."

Section 7 of the Compensation Act, now Section 3305, Revised Statutes 1929, reads:

"(c) Without otherwise affecting either the meaning or interpretation of the abridged clause, 'personal injuries arising out of and in the course of such employment,' it is hereby declared not to cover workmen except while engaged in, or about the premises where their duties are being performed, or where their services require their presence as a part of such services."

■■ Appellants cite in their brief the above provisions of the Compensation Act and contend that, under the evidence in this case, the accident, which resulted in the death of Brauch, did not arise "out of and in the course of" the employment. These same provisions of the statute have been before this court for consideration on a number of occasions. For the purpose of this case we must bear in mind that deceased, Brauch, had been in the continuous employ of defend-

ant, Skinner Brothers Manufacturing Compan, for twelve years. At times his duties required him to travel to varius towns and cities for the purpose of performing mechanical labor for defendant. On the particular occasion in question deceased 'as rdered, by his employer, to proceed to Hannibal. The evidence i conflicting, whether deceased was paid for the time he traveled ouside of working hours. But conceding that he was not, the evidence clarly reveals that when deceased traveled outside of working hours aid did not receive pay he did so at defendant's request and for defendant's benefit. The preponderance of the evidence also shows that the mode of travel was left to the discretion of deceased and defendant knew that the usual mode of travel was by automobile. The accident occurred on the main highway between St. Louis, where defendant plant and the home of deceased are located, and the city of Hannibal, while deceased was on his way to Hannibal, as ordered by the defendant, Skinner Brothers Manufacturing Company, for the purpose of placing machinery in a shoe factory.

In answer to a similar contention, made by the defendant in the case of Wahlig v. Krenning-Schlapp Grocer Co., 325 Mo. 677, 29 S. W. (2d) l. c. 130, after reviewing many authorities from other states where the Compensation Acts contain provisions similar to ours, the court said:

"It has been quite uniformly held that an injury arises 'out of' the employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury; and that an injury to an employee arises 'in the course of' his employment when it occurs within the period of his employment, at a place where he may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental thereto. [See Kiser on Workmen's Compensation Acts, Secs. 64 and 72 (40 Cyc., following 2880), and cases cited.] We think we should so construe these terms as used in Section 3 of our compensation law, which says that 'the employer shall be liable to furnish compensation for personal injury or death of the employee by accident arising out of and in the course of his employment.' And we do not agree with appellants in the contention that Section 7 (c) limits the protection of the law to employees who may be injured in or about the premises of their employer. The language used in Section 7 (c) does not indicate that any such limitation was intended and it cannot be so interpreted. By declaring in Section 7 (c) that injuries to employees arising out of and in the course of their employment, as provided for in Section 3, shall cover injuries to employees 'while engaged in, or about the premises where their duties are being performed, or where their services require their

presence as a part o·such services,' the Legislature, in our opinion, intended to extend·le protection of the law to all employees while in or about *any premise where* they may be engaged in the performance of their duties, and while at *any place where* their services, or any act, task or mission which forms a necessary part of their services, may reasonably requir them to be. That the Legislature intended to provide compensatin for injuries to employees which may occur at places other than in or about the premises of their employer is further indicated bv Section 11, which says, among other things, that, where a thirc person is liable for the injury or death of an employee, the emplo·er shall be subrogated to the right of the employee or his dependants against such third person, and that any recovery by the emplo;er against such third.person, '*in excess of the compensation paid by the employer*,' shall be paid to the employee or·his dependents, and treated as an advance payment on '*any future installments of compensation*.'" (Our italics.)

We also find the bllowing quotation at page 131:

"'If a servant in the course of his master's business has *to* pass along the public s·reet, whether it be on foot or on a bicycle, or on an omnibus or car, and he sustains an *accident by reason* of the risks incidental to the streets, the accident arises out of as well as in the course of his employment.' [Dennis v. White, Ann. Cas. 1917E, 326.]"

In this case deceased, a servant of Skinner Brothers Manufacturing Company, was traveling, at the time of the accident, in the course of his master's business. Defendants in their reply brief seek to differentiate this case and the Wahlig case, supra, and Leilich v. Chevrolet Motor Company, 328 Mo. 112, 40 S. W. (2d) 601, because in the Wahlig and Leilich cases the employees injured were traveling salesmen. We see no distinction in principle in so far as the compensation law is concerned, between a traveling salesman, who is required to travel from town to town and sell his master's goods, and deceased in this case, who was required to travel to various towns for the purpose of doing mechanical work for the installation of machinery for his master.

The Wahlig and Leilich cases, supra, are both well considered. Many authorities from other States are cited. These cases fully answer the contention made adversely to defendants. There was substantial evidence in the record to support the finding of the Compensation Commission that the death of Brauch was the result of injuries received in an accident arising "out of and in the course of" his employment.

The judgment of the trial court, sustaining the award of the Compensation Commission in plaintiff's favor, is hereby affirmed. *Cooley* and *Fitzsimmons, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All of the judges concur.