Mrs. JESSIE R. SHROYER v. MISSOURI LIVESTOCK COMMISSION COMPANY, Employer, and HARTFORD ACCIDENT AND INDEMNITY COMPANY, Insurer, Appellants.—61 S. W. (2d) 713.

Court en Banc, June 16, 1933.

*T. J. Brown* for appellants.

*Arthur R. Wolfe* for respondent.

ATWOOD, J.—This is an appeal from a judgment affirming final award by the Missouri Workmen's Compensation Commission of compensation to Mrs. Jessie R. Shroyer, dependent widow of William H. Shroyer, deceased, whose death resulted from an automobile accident which occurred on a public highway in central Kansas on October 23, 1931. The award was for death benefits in the sum of $20 per week for 621.4 weeks or until the prior death or remarriage of said dependent, for burial expenses in the sum of $150 and for medical aid in the sum of $88.88.

Respondent filed a motion to dismiss the appeal because appellants' abstract of the record failed to show that the circuit court ever made an order allowing an appeal. Within ten days thereafter appellants perfected their abstract by filing in this court a certified copy of enough of the record proper to show that the appeal had been duly allowed. Appellants had a right to do this under our rule number 11. Consequently, respondent's motion to dismiss is overruled.

Appellants insist that there was not sufficient competent evidence to support the commission's finding that the employee "died as the result of an accident arising out of and in the course of his employment." The commission's finding of facts and award have the force and effect of the verdict of a jury. [Sec. 3342, R. S. 1929; Leilich v. Chevrolet Motor Company, 328 Mo. 112, 40 S. W. (2d) 601, 604; DeMay v. Liberty Foundry Co., 327 Mo. 495, 37 S. W. (2d) 640, 648; State ex rel. v. Missouri Workmen's Compensation Commission, 320 Mo. 893, 8 S. W. (2d) 897, 899.] Hence, in determin-

ing whether the evidence sustained the commission's finding respondent is entitled to a consideration of the competent evidence most favorable to her together with all reasonable inferences to be drawn therefrom in support of the finding. [Bricker v. Gille Mfg. Co., 225 Mo. App. 989, 35 S. W. (2d) 662, 664; Cotter v. Valentine Coal Co. (Mo. App.), 14 S. W. (2d) 660; Smith v. Levis-Zukoski Mercantile Co. et al. (Mo. App.), 14 S. W. (2d) 470, 472.]

■ The evidence showed that from March 1, 1927, until his death on October 25, 1931, respondent's husband was employed by the Missouri Live Stock Commission Company of South St. Joseph, Missouri, as an appraiser and solicitor of live stock. Counsel for appellants admitted at the trial that he was in the employ of this commission company when he had an accident while en route from one customer to another on the company's business and that his death was the result of such accident, but denied that the accident arose out of his employment. At the time of the accident he was driving an automobile, furnished by his employer, upon an east and west dirt highway in the vicinity of Lincoln, Kansas, and was going westward on his way from the farm of H. E. Skinner where he had inspected and appraised his cattle, to the farm of D. E. and Howard West for the purpose of inspecting and appraising their cattle.

There was evidence that a bridge or culvert, probably sixteen feet long and fourteen feet wide and two or three feet higher than the general roadway, was located about two and one-half miles east and slightly south of the West farm on this road which was the way generally traveled in going from the Skinner farm to the West farm, and that it was set at an angle across the roadway so that a car crossing the culvert, unless going at a speed of twenty miles an hour or less, would have a tendency to be thrown upward off the roadway and at an angle to the right so that the driver, unless anticipating this character of crossing, would be likely to lose control of his car immediately after it passed over the culvert. There was also a considerable hump in the dirt roadway just west of the culvert.

Mr. Shroyer was shown to have left the Skinner farm for the West farm, which was located six miles west and one mile north of the Skinner farm, about six o'clock in the evening of October 23, 1931. He was next seen by a farmer and his wife who approached the above described culvert from the east about an hour later and discovered the automobile in which he had left the Skinner farm lying on its side and headed north in a ditch along the north bank of the roadway about 100 feet west of the culvert. The left rear wheel of the car was broken down, the glass broken out, "top mashed in, fenders pretty well jimmed up," but the tail light was burning. They found Mr. Shroyer in a semi-conscious condition lying in a ditch on the south side of the roadway about twenty feet farther west.

Skidmarks and marks along the bank on the north side of the high-way were noted at distances approximately twenty-five, fifty and seventy-five feet immediately west of the culvert. Mr. Shroyer's hat, glasses, a partially filled bottle of soda mint tablets and some matches were found strewn across the road between the car and the place where he was lying, and the crank of the car was found on the south side of the road.

Insisting that the accident did not arise out of the employment, counsel for appellants stress the circumstance of the soda mint tablets and testimony that the employee while lying by the roadside in a semi-conscious state said in the presence of persons who had gathered there, "Did I have an accident?" and again when he was conscious for a little while, "Have I been asleep?" There was evidence that his health was good and there was no evidence that he suffered any physical indisposition or was even using these soda mint tablets immediately before the accident. His inquiries here mentioned are not inconsistent with respondent's contention that the accident arose out of his employment. Appellants also suggest that the length of time he had been driving shows that his rate of speed was not great enough to cause him to lose control of the car in crossing the culvert or the hump in the road. This cannot be given serious consideration because the evidence did not disclose just how soon the accident occurred after he left the Skinner farm, and even if it had there would be no way of determining his rate of speed at this particular point in the road. However, it does clearly appear that the accident occurred while he was at a place and proceeding in the manner required by his employment. We think there was evidence both substantial and competent that the accident arose out of and in the course of his employment. [Leilich v. Chevrolet Motor Co., 328 Mo. 112, 40 S. W. (2d) 601, 605.]

Appellants also claim that the commission exceeded its powers in making an award for a contingent amount larger than $10,000. Several contentions are made under this head.

█ It is first insisted that it was the legislative intent "to limit the recovery in such cases to 300 times the maximum weekly compensation allowable in any particular case," that the weekly wage allowed should not exceed $20, and that the total award should not exceed $6000 plus allowable medical and funeral expenses. All parties agreed before the commission that the employee's salary for the year immediately preceding the accident was $3231.45. Accordingly, the commission determined his average weekly wage for the year to be $62.14 and multiplied 66 2/3 per cent of this average weekly wage by 300, making the total amount of the single death benefit $12,428, which benefit was ordered paid to respondent at the rate of $20 per week for 621.4 weeks or until the dependent's prior

death ·or remarriage. The identical contentions here made were presented and overruled in Wahlig v. Krenning-Schlapp Grocer Co. et al., 325 Mo. 677, 29 S. W. (2d) 128, 132, 133; Murray v. Marshall-Hughes Co., 34 S. W. (2d) 34, 35, 36, 327 Mo. 88; and Leilich v. Chevrolet Motor Co., 328 Mo. 112, 40 S. W. (2d) 601, 605, 606, and we adhere to the doctrine announced in those cases.

█ It is also urged that it never was the intention of the Legislature to award an injured employee or his dependents under the Compensation Act more money or damages than he or they would be entitled to at common law or under the statutes, and that the dependent's recovery in this instance should be limited to the amount of the employer's recovery from a negligent third party under the right of subrogation provided in Section 3309, Revised Statutes 1929, not to exceed $10,000 as provided in the death statute, Section 3262, Revised Statutes 1929. The same argument was recently made and we think properly overruled in an able opinion of the Kansas City Court of Appeals in Gayhart v. Monarch Wrecking Co. et al., 49 S. W. 265, 226 Mo. App. 1118.

█ In the course of appellants' argument the unconstitutionality of the Compensation Act in not limiting the single death benefit to $10,000 is suggested and it is asserted that the act deprives these appellants of due process against a negligent third party. This appears to be the first and only mention of such a question, and having not been timely raised it cannot now be considered. [Hohlstein v. St. Louis Roofing Co., 42 S. W. (2d) 573, 328 Mo. 899.]

█ While all parties assert that this court has jurisdiction on the ground that the amount in dispute is in excess of $7500, it is a proper matter for our determination. In Hensler v. Stix et al., 185 Mo. 238, 239, 84 S. W. 894, we held that "the amount in dispute on such appeal is the amount of the judgment appealed from," and such is the usual statement of the general rule, although in State ex rel. v. Reynolds, 245 Mo. 698, 703, 704, 151 S. W. 85, it is perhaps more accurately said that the amount in dispute by which the jurisdiction of the appellate court is fixed· "is determined by the amount that actually remains in dispute between the parties, *on the appeal*, and subject to the determination by the appellate court of the legal questions raised by the record." A graphic statement of the rule appears in Schwyhart v. Barrett, 223 Mo. 497, 501, 122 S. W. 1049 (italics ours): "If a plaintiff brings suit for damages and states in his petition the amount for which he sues, if he is cast in his suit and appeals, we go back to the petition and say that the amount there claimed is the amount in dispute. If the plaintiff should in such case recover judgment for a certain amount and the defendant appeals the amount then in dispute is the amount of the judgment. The date of the dispute in the one case is that of the filing of the petition,

in the other it is that of the rendition of the judgment, and in either case *the amount in dispute is the amount for which the dispute could at that date have been settled.*"

The final award of the commission as to death benefits in this case was as follows:

"To Jessie R. Shroyer the sum of $20.00 per week for 621.4 weeks.*

"*or until prior death or remarriage."

The judgment here appealed from recites, among other things, that it is therefore "ordered and adjudged that the rulings, findings and final award of the Missouri Workmen's Compensation Commission in this cause be and the same are hereby approved and affirmed, and that Jessie R. Shroyer, dependent, respondent herein, have and recover of and from Missouri Livestock Commission Company, a corporation, employer, and Hartford Accident & Indemnity Company, a corporation, insurer, appellants herein, the sum of twelve thousand four hundred twenty-eight ($12,428) dollars payable twenty ($20) dollars per week for 621.4 weeks or until the prior death or remarriage of said dependent."

From the foregoing it is apparent that the amount in dispute when the judgment was rendered and the appeal taken was $12,428 awarded as "a single total death benefit" and made payable in installments as provided in subsection (b) of Section 3319, Revised Statutes 1929. The possibility that this amount might thereafter be reduced by the death or remarriage of the dependent would obviously not change the amount that was actually in dispute at the time the judgment was rendered and the appeal allowed to this court. In Stuart v. Stuart, 320 Mo. 486, 488, 8 S. W. (2d) 613, it is well said that "such jurisdiction must so appear *at the time the appeal is taken;* nothing that subsequently occurs may be invoked either to confer jurisdiction or to show that the appeal was one falling within our jurisdiction." By the same course of reasoning it follows that the mere possibility of the subsequent happening of an event that would reduce the amount actually in dispute at the time the appeal was taken to $7500 or less would not deprive this court of the pecuniary ground of jurisdiction shown by the amount then in dispute. We have entertained jurisdiction without question in similar cases such as Schulz v. Great Atlantic & Pacific Tea Co., 331 Mo. 616, 56 S. W. (2d) 126; Brauch v. Skinner, 330 Mo. 760, 51 S. W. (2d) 27; Higgins v. Heine Boiler Co., 328 Mo. 493, 41 S. W. (2d) 565; Leilich v. Chevrolet Motor Co., 328 Mo. 112, 40 S. W. (2d) 601; Cassidy v. Eternit, 326 Mo. 342, 32 S. W. (2d) 75; Wahlig v. Krenning-Schlapp Grocery Co., 325 Mo. 677, 29 S. W. (2d) 128; Dougherty v. Manhattan Rubber Co., 325 Mo. 656, 29 S. W. (2d) 126.

It may be suggested that in the instant case the commutable value rather than the sum total of the installments was the real

amount in dispute at the time the judgment was rendered and the appeal was taken, and that such commutable value would be determinative of appellate jurisdiction. Under the rule above stated in Schwyhart v. Barrett, this would undoubtedly be so if the employer had the absolute right to settle the dispute then and there by a payment in a lump sum of the commutable value of the judgment installments. However, Section 3346, Revised Statutes 1929, governing commutation of compensation vests that power in the commission to be exercised, "upon application of either party, with due notice to the other, if it appears that such commutation will be for the best interest of the employee or the dependents of the deceased employee, or that it will avoid undue expense or undue hardship to either party, or that such employee or dependent has removed or is about to remove from the United States or that the employer has sold or otherwise disposed of the greater part of his business or assets." This section further reads as follows: "In determining whether the commutation asked for will be for the best interest of the employee or the dependents of the deceased employee, or so that it will avoid undue expense or undue hardship to either party, the commission will constantly bear in mind that it is the intention of this chapter that the compensation payments are in lieu of wages and are to be received by the injured employee or his dependents in the same manner in which wages are ordinarily paid. Therefore, commutation is a departure from the normal method of payment and is to be allowed only when it clearly appears that some unusual circumstances warrant such a departure." Section 3347, Revised Statutes 1929, in so far as here pertinent, reads: "On notice to the other parties the commission or court may permit the employer to be discharged from further liability under any agreement, award or judgment for compensation . . . by depositing the commutable value thereof with the commission to be disbursed to the persons entitled thereto in such manner as the commission shall determine." In order to give full force and effect to both sections the latter section must be construed as meaning that the commission or court may permit the employer to be discharged by depositing the commutable value of the "agreement, award or judgment for compensation" as therein provided only in cases where commutation of compensation has been duly ordered by the commission. It thus appears that neither the employer nor the employee has an absolute right to settle an "agreement, award or judgment for compensation" upon the basis of its commutable value. In this instance neither party made application to the commission for an order commuting the compensation allowed and the commission neither made any such order nor

authorized any such settlement. Hence, the commutable value of the judgment is not determinative of appellate jurisdiction in this case.

For the reasons above stated the judgment is affirmed.

PER CURIAM:—The foregoing opinion by ATWOOD, J., is adopted as the opinion of the court en banc. All concur.