GERTRUDE BARBARA SMITH, Widow of WALTER EARL SMITH, WALTER EARL SMITH, JR., and WILLIAM WAYNE SMITH v. SEAMAN & SCHUSKE METAL WORKS COMPANY, a Corporation, and UNITED STATES CASUALTY COMPANY, Appellants.—127 S. W. (2d) 435.

Division Two, April 20, 1939.

*Alva Lindsay, Waldo Edwards* and *Wallace W. Fry* for appellants.

560

*Mayer, Conkling & Sprague* and *Edw. B. Wilkinson* for respondents.

WESTHUES, C.—This review involves an award of $9517.65, under the Workmen's Compensation Act, to Gertrude Barbara Smith, widow, and Walter Earl Smith, Jr., and William Wayne Smith, minor children, for the death of the husband and father, Walter Earl Smith.

Walter Earl Smith was an employee of Seaman & Schuske Metal Works Company, a corporation engaged in a general sheet metal, roofing, air-conditioning and furnace business, in St. Joseph, Missouri. The company operated under the Workmen's Compensation Act. Employees reported to the office at 8:00 A. M. and L. W. Cramer, the superintendent, assigned them to various jobs the company might have on hand and gave them a ticket for the job to be performed. On the morning of June 29, 1936, Mr. Smith reported for work and was first given a ticket for the job of repairing a gutter, but before he departed Cramer gave him a ticket calling for the repair of a furnace at the Noyes School, directing him to go there first. Although the company furnished a truck for the purpose of taking employees to their jobs, Smith often drove his own automobile, as did other employees, and on the morning in question took Arthur Keener, a helper, to the Noyes School, where another employee, Ed Hausman, met them and showed them what work was to be done on the furnace, after which Mr. Hausman departed. Keener testified that he and Smith "sized" up the job. The furnace was to be "calked" and some warped grates repaired, which called for work inside as well as outside of the furnace. Smith and Keener went upstairs and Smith told Keener "he was going home to change some clothes." A few minutes thereafter, about fifteen blocks from the Noyes School, at Thirty-second and Eugene Field Road, and on a direct route from the school to Smith's home, Smith had an automobile accident in which he was seriously injured. He was unconscious four or five days, and after that was stuporous and mentally confused. He left the hospital July 24, but according to the physician he did not act mentally like a normal person. On September 4, 1936, his body was found not far distant from his home. Other facts will be stated in the course of the opinion.

Section 3301, Revised Statutes 1929 (Mo. Stat. Ann., p. 8232), makes employers, coming under the Workmen's Compensation Act, liable to furnish compensation for the death of an employee "arising out of and in the course of his employment." Section 3305, subdivision (c), Revised Statutes 1929 (Mo. Stat. Ann., p. 8238), provides:

"Without otherwise affecting either the meaning or interpretation of the abridged clause, 'personal injuries arising out of and in the course of such employment,' it is hereby declared not to cover workmen except while engaged in, or about the premises where their duties

are being performed, or where their services require their presence as a part of such service.''

The Workmen's Compensation Commission made the following findings of fact:

''We hold that the statement of the deceased to Arthur F. Keener, his helper, at the time of leaving the school building, that 'he was going home to change some clothes' was proper and admissible testimony as a declaration of intention prior to the accident, and also as part of the *res gestae*. Therefore, we find objection made to said testimony should be and is overruled.

''We find from the evidence that after deceased had inspected the furnace at Noyes School he decided to, and did, start toward his home for the purpose of changing his clothes so. that he could perform his work with greater comfort to himself and with greater efficiency, and thus contribute to the furtherance of his employer's business; that the place of accident was on a direct route from the Noyes School to his home, and that while en route he was injured in an automobile accident; and we further find that his death resulted from said injuries.

''Therefore, we find as a fact from the evidence that when Walter Earl Smith was injured on June 29, 1936, in the automobile accident, as aforesaid, and that when he died on September 4, 1936, his death was the result of injury by accident arising out of and in the course of his employment with the Seaman & Schuske Metal Works Company.''

Defendants' contention, that the finding of the commission, that deceased's injuries arose out of and in the course of his employment, was not supported by the evidence, must be sustained. The employees of Seaman & Schuske Metal Works Company reported for work at 8:00 A. M. and were assigned to various jobs to be performed. It was customary for the workmen to wear blue overalls and blue shirts or jackets. If a workman reported not dressed for work and was assigned a job, he would go home, dress properly, return to the office and then his time would begin. In other words, the time spent in going home to change clothes was not credited to the workmen or charged to the job. On the morning of June 29, 1936, deceased reported for work dressed in new blue overalls and blue shirt. He was assigned to work on a furnace at the Noyes School. This was considered, by the workmen, as a ''dirty job.'' After making an inspection of the furnace, deceased left, saying to his helper that he was going home to change his clothes. It was while he was on this mission that he was injured. Claimant contends that the evidence showed that it was the custom of the workmen, when they had a job to perform which was considered ''dirty work,'' to change clothes. Claimant, however, failed to introduce evidence to sustain a finding that any such custom existed. In fact the evidence showed the contrary. It disclosed only two or three. such instances over a period of forty years or more.

Witness C. R. Jones testified that it was a custom for the men to change clothes depending upon the nature of the work assigned to them; that the ordinary type of clothes was overalls and shirts. This witness, however, could relate only two or three instances of a workman changing clothes, which were when he, the witness, without advising his employer, went home and put on warm clothing because of cold weather. Other employees testified that they had never been instructed not to change clothing, and all the witnesses agreed that blue overalls and blue shirts were the proper clothing for their work. Deceased was so dressed, but his clothes were new. It is evident that if deceased intended to go home to change clothes he was doing so for his own convenience. The employees furnished their own clothes. Under such circumstances the Workmen's Compensation Law does not apply. The court has consistently construed the Workmen's Compensation Act liberally in favor of the employee. Note what was said in Wahlig v. Krenning-Schlapp Grocer Co., 325 Mo. 677, 29 S. W. (2d) 128, l. c. 130:

"It has been quite uniformly held that an injury arises 'out of' the employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury; and that an injury to an employee arises 'in the course of' his employment when it occurs within the period of his employment, at a place where he may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental thereto. [See Kiser on Workmen's Compensation Acts, sections 64 and 72 (40 Cyc. following p. 2880), and cases cited.] We think we should so construe these terms as used in Section 3 of our Compensation Law, which says that 'the employer shall be liable . . . to furnish compensation . . . for personal injury or death of the employee by accident arising out of and in the course of his employment.' And we do not agree with appellants in the contention that Section 7(c) limits the protection of the law to employees who may be injured in or about the premises of their employer. The language used in Section 7(c) does not indicate that any such limitation was intended and it cannot be so interpreted." [See also, Brauch v. Skinner Bros. Mfg. Co., 51 S. W. (2d) 27, 330 Mo. 760; Teague v. Laclede-Christy Clay Products Co., 331 Mo. 147, 52 S. W. (2d) 880 (2); O'Dell v. Lost Trail, 100 S. W. (2d) 289, 339 Mo. 1108.]

When an employee leaves his work and goes on a mission of his own and is injured, where he is not required to go by reason of his employment, as in the case at bar, then he is not within the act. [See Cassidy v. Eternit, Inc., 326 Mo. 342, 32 S. W. (2d) 75; Smith v. Levis-Zukoski Mercantile Co. (Mo. App.), 14 S. W. (2d) 470, l. c. 472.] In the latter case the court said:

". . . where, at the time his (the employee's) injury is received, the employee is engaged in a voluntary act, not known to, or accepted

by, his employer, and outside of the duties for which he is employed, the injury cannot be said to have been received in the course of his employment." [See, also, McMain v. J. J. Connor & Sons Const. Co., 337 Mo. 40, 85 S. W. (2d) 43.]

The judgment of the circuit court affirming the award of the Compensation Commission is reversed. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. *Tipton* and *Leedy, JJ.,* concur; *Ellison, P. J.,* concurs in result.