GREEN v. ROOS BROS.　(No. 6334.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 18, 1920. Rehearing Denied March 17, 1920.)

1. ALTERATION OF INSTRUMENTS ⊜⇒29—DEED HELD TO HAVE BEEN UNLAWFULLY ALTERED BY GRANTEE AFTER DELIVERY.

In action on purchase-money notes against defendant, alleged to have assumed payment thereof, wherein defendant introduced in evidence deed whereby he had originally assumed payment of the notes, but which by alterations and interlineations recited that he had not assumed payment thereof, evidence *held* to justify conclusion that the alteration and interlineations had been made by defendant after execution and delivery of the deed, without the knowledge of plaintiff grantor.

2. ALTERATION OF INSTRUMENTS ⊜⇒27(3) — GRANTEE INTRODUCING ALTERED DEED MUST ACCOUNT FOR ALTERATIONS.

A grantee, who introduces in evidence deed containing alterations and interlineations to disprove that he had assumed payment of certain notes, which he had at one period in his testimony admitted, has burden to account for the altered appearance of the instruments.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by Roos Bros. against J. W. Green and others. From judgment rendered, the named defendant appeals. Affirmed.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Chambers, Watson & Wilson, of San Antonio, for appellant.

Lewright & Douglas, of San Antonio, for appellees.

FLY, C. J. Appellees instituted suit against Eugene Althaus, L. William Althaus, Charles Althaus, J. W. Green, Albert Koennecks, Max J. Bierschwale, and Adolph Gold, to recover on five promissory notes executed by Eugene Althaus, each in the sum of $1,112.32, each of date March 9, 1917, and each payable to the order of appellees, and to foreclose a vendor's lien on a tract of 20 acres of land in La Salle county, Texas, which was conveyed by appellees to Eugene Althaus, by him conveyed to L. William Althaus, by him reconveyed to Eugene Althaus, and by him conveyed to appellant, J. W. Green. It was alleged that, when appellant purchased the land, he assumed the payment of the notes held by appellees. The other parties were joined as claiming some interest in the land. Eugene Althaus, L. W. Althaus, Albert Koennecks, and Alolph Gold did not answer. The cause was tried without a jury, and judgment was rendered against Eugene Althaus, L. William Althaus, and J. W. Green for $7,395.21, being the amount of the principal, interest, and attorney's fees of the five notes against all of the parties defendant, except two who disclaimed, for a foreclosure of the vendor's lien on the 420 acres of land, and all costs of suit, except those as to Charles Althaus and Max J. Bierschwale, who disclaimed.

The evidence shows that Eugene Althaus and wife made, executed, acknowledged, and delivered to appellant a deed to the land sold to them by appellees, and for which the five promissory notes had been given by Eugene Althaus for part of the purchase money, and on which appellees held a vendor's lien. In the deed, as delivered by Eugene Althaus and wife to appellant, was the following clause, after reciting a cash consideration of $10,888.40:

"And in the further consideration that the said J. W. Green assumes the payment of five certain promissory notes, in the sum of $1,112.32 each, dated March 9, A. D. 1917, executed by Eugene Althaus, payable to H. Roos and R. C. Roos, due in one, two, three, four, and five years, respectively, from date, bearing interest at the rate of 7 per cent. per annum, from date until paid, the interest payable annually, each providing that the failure to pay an installment of interest when due, or the principal of either of said notes when due, to mature all said notes at option of holder, and each providing conditionally for the usual 10 per cent. attorney fees, which said notes the said J. W. Green agrees to pay."

After the delivery of the deed to appellant the deed was changed, so as to read "J. W. Green does not assume the payment" and "J. W. Green agrees not to pay," and in other vital respects. The object of the alterations was to relieve appellant of personal obligation on the notes, which he had informed appellees that he had assumed. We adopt the following finding of fact by the district judge, as well as the others made by him:

"By deed dated June 6, 1917, duly acknowledged on the 6th day of June, 1917, before Herman Usener, county clerk of Gillespie county, Texas, said Eugene Althaus and his wife sold and conveyed said above-described tract of land, situated in La Salle county, Texas, to defendant J. W. Green. This last-mentioned deed has never been recorded in the office of the county clerk of La Salle county, Texas. It was delivered to defendant Green on or about 6th day of June, 1917, with intention on the part of all parties thereto that it should take immediate effect as a conveyance of the above-described tract of land. By express terms and recitals contained in said last-mentioned deed, defendant J. W. Green agreed to pay and assume the payment of all five of the notes hereinabove described as executd and delivered by defendant Eugene Althaus to the plaintiffs in this cause."

The court also found from sufficient evidence the following:

"Some time after the above-mentioned deed from Eugene Althaus and wife to defendant J. W. Green had been executed and delivered by said Althaus and wife to said Green, and after said instrument had taken effect as a conveyance of the above-described tract of land in La Salle county, Texas, and after defendant Green had by his acceptance of said instrument become obligated and bound to pay to plaintiffs herein all of the five notes hereinabove described in accordance with their terms, tenor, and effect, said deed was, wholly without the knowledge or consent of plaintiffs, or either of them, changed and modified, so as to make it appear that by his acceptance thereof defendant Green did not obligate and bind himself to pay said several notes hereinabove described as owned by plaintiffs. Said deed was thus changed or modified by defendant Green."

Appellant claims that Eugene Althaus alone made the very vital changes in the deed, and he does not pretend that Mrs. Althaus, though a party to the deed, knew of the alterations or consented thereto. Appellant admitted that when he went to see appellees, after he was negotiating for the land, he said that, if he took the land, he would pay off the notes. One of the appellees places that conversation after the deed had been executed and delivered, as it probably was. Eugene Althaus did not testify, although appellant admitted that he had gone to meet him in Fredericksburg while the trial was in progress, and he admitted that he discouraged the appearance of Althaus at the trial, and that was after a statement had been prepared for Althaus to sign. It did not appear that he signed it, and appellant admitted that, when Althaus asked him if he

should attend the trial, he (appellant) told him he "didn't care for his coming," and further said, "I might have told him not to come." He met Althaus at midnight in Fredericksburg, and after the meeting Althaus did not appear at the trial. He was the only witness who could have corroborated appellant as to how the alteration took place, but after talking with him in the presence of an attorney he told Althaus he. did not care for him to attend the trial.

The deed was offered in evidence by appellant, with glaring and patent alterations, and it was attacked as an altered instrument by the affidavit of appellees. It has been held in several instances by the Supreme Court that a party who offers an instrument, which appears upon its face to have been altered, must prove that the interlineations or alterations were made before the instrument was signed and executed. Dewees v. Bluntzer, 70 Tex. 406, 7 S. W. 820; Rodriguez v. Haynes, 76 Tex. 225, 13 S. W. 296; Howell v. Hanrick, 88 Tex. 383, 29 S. W. 762, 30 S. W. 856, 31 S. W. 611; Kalteyer v. Mitchell, 110 S. W. 462, affirmed by Supreme Court 102 Tex. 390, 117 S. W. 792, 132 Am. St. Rep. 889. The matter is fully discussed and the authorities reviewed in the last case cited, when it was before this court, and the opinion of the Supreme Court follows the opinion of this court in every detail.

[1] In this case appellant, not only failed to satisfactorily account for the alterations and interlineations, but by his evidence left it in a worse condition than it appeared on its face, and the court was fully justified, not only in concluding that the instrument was altered after its execution and delivery, but that it was altered by appellant. All the circumstances detailed by him, as well as others, point with unerring hand to that conclusion. His explanation that the deed was delivered to him for examination is rebutted by the fact that the deed shows the payment of the $10,888 in cash, and that he held the deed for perhaps weeks, and only altered it after he had talked with appellants and understood how possibly he might evade an assumption of the debt, and the deed was doubtless withheld from the record under the belief that he in that manner could conceal its alterations. If Althaus had made the alterations, it would have been most natural and consistent that appellant should have had him before the court to swear to that fact. On the other hand, it appears that he did not desire his presence, and, although Althaus seemed willing to appear, appellant, during the trial, intimated to him that his presence was not desirable.

[2] Appellees did prove that appellant had assumed payment of the debt, and appellant admitted that fact at one period in his testimony, and when appellant sought to destroy that testimony by producing the deed, with the badges of fraud indelibly stamped upon it, the burden was upon him to remove such suspicion, and account for the altered appearance of the instrument. Devlin on Real Estate (3d Ed.) § 463; Greenleaf on Ev. (14th Ed.) § 54.

According to appellant's version of the alteration of the deed, he acted in utter disregard, not only of the rights of appellees, to whom he had declared that he had bound himself to pay their debt, but in utter contempt of Mrs. Althaus, one of the grantors in the deed. The rights of every one connected with the matter were ignored, and the facts and circumstances drive the mind to the inevitable conclusion that Eugene Althaus knew nothing of the alteration. He would have gained nothing by the alteration, and appellant would gain everything. Althaus had no incentive to act; appellant had the motive of evading personal liability on the notes.

The judgment is affirmed.