FRANK J. STUART, Appellant, v. LILLIAN STUART.—8 S. W. (2d) 613.

Division One, July 3, 1928.

*A. E. L. Gardner* for appellant.

*Abbott, Fauntleroy, Cullen & Edwards* and *Taylor R. Young* for respondent.

RAGLAND, J.—This is an appeal from an order of the Circuit Court of St. Louis County awarding suit money and alimony *pendente lite*. Appellant and respondent were married in September, 1922. On the 11th day of February, 1924, he instituted a suit for divorce charging her with having offered him such indignities as rendered his condition intolerable. In due course she filed an answer and cross-bill, making counter charges of indignities and seeking by her cross-bill to be divorced from him. Pending the trial of the cause she was allowed suit money and $250 a month for her support, which he promptly paid. A trial was had in November, 1924; on December 8, 1924, judgment was rendered dismissing both the petition and the cross-bill. Thereupon she filed an affidavit for an appeal from the judgment dismissing her cross-bill, and also a motion for a further allowance of suit money and for alimony pending the appeal. After a hearing the court ordered plaintiff to pay to defendant the sum of $300 per month for her support pending the appeal, $1000 for attorneys' fees, $650 for the stenographer's transcript of the evidence, and $1110 for printing the abstract of the record and for filing fee in the appellate court. This is the order now before us for review on plaintiff's appeal. After the making of the order defendant was allowed an appeal from the judgment on the merits and that appeal is also pending in this court.

The foregoing is a sufficient statement of the facts, because the first question that suggests itself on the record is that of our jurisdiction. Our appellate jurisdiction is not a general one, but one

specifically limited by the Constitution. We have held, therefore, that our jurisdiction to determine an appeal must in every instance affirmatively appear from the record of the trial court. [Vordick v. Vordick, 281 Mo. 279, 219 S. W. 519.] Consequently such jurisdiction must so appear *at the time the appeal is taken;* nothing that subsequently occurs may be invoked either to confer jurisdiction or to show that the appeal was one falling within our jurisdiction. [McGregory v. Gaskill, 296 S. W. 123.]

If we have jurisdiction of this case, it is because the amount in dispute, exclusive of costs, exceeds $7500. The entire allowance of suit money and alimony was, and is, contested by appellant on the ground that respondent has ample means of her own to maintain herself and prosecute her appeal. All of it is therefore in dispute. But what was the *amount* in dispute at the time the appeal was taken? The amount unconditionally due respondent under the order at that time was the first installment of alimony, $300, and the suit money—$3060 in all. But in addition to that sum of money, the order conferred upon her a future right—the right to $300 a month pending the appeal. What was the value of that right? If it could have been said with certainty that respondent would be entitled to exercise it for as long as one year and four months in the future, then the value of the right in addition to the money payable immediately under the order would have exceeded $7500. But the right was not enforcible at all events for any definite length of time. It would terminate upon the disposal of the appeal, however and whenever it occurred. It would likewise come to an end if either of the parties died, or if they resumed conjugal relations. Its value was therefore contingent. We would not, we think, be warranted in assuming jurisdiction simply because the amount in dispute might fortuitously or by mere chance exceed $7500. We are on firmer ground in holding, as we do, that the appellate jurisdiction of this court, on the ground of the amount in dispute, attaches when, and only when, the record of the trial court affirmatively shows that there is involved in the controversy, independent of all contingencies, an amount exceeding $7500, exclusive of costs. [Umlauf v. Umlauf, 103 Ill. 651.] Tested by this rule, we are clearly without jurisdiction of this appeal.

It may be added that this appeal is in no way related to the appeal from the judgment on the merits now pending in this court, but is wholly independent of it. Neither will be in any way affected by the disposition that is made of the other. Jurisdiction of the appeal from the judgment dismissing the petition and cross-bill, if we have it, does not therefore confer jurisdiction of this appeal on the ground that it is in aid of or is auxiliary to the principal case.

The cause is transferred to the St. Louis Court of Appeals. All concur.