Everett HOGUE, Respondent,

v.

Hugo WURDACK (Employer), and Employers' Liability Assurance Corporation, Ltd. (Insurer), Appellants.

No. 45106.

Supreme Court of Missouri.

Division No. 1.

July 12, 1956.

Sherwood R. Volkman, St. Louis, for appellants.

L. Clark McNeill, Geo. F. Addison, Salem, for respondent.

HOLMAN, Commissioner.

In this Workmen's Compensation case the employer and insurer have appealed from the judgment of the circuit court affirming the award of the Industrial Commission.

That award allowed the claimant-employee compensation for disability, disfigurement, and medical expense in the aggregate sum of $7,770.75.

We must first consider the question of our jurisdiction of this appeal. If we have jurisdiction it is because "the amount in dispute, exclusive of costs, exceeds the sum of seventy-five hundred dollars." Article V, § 3, Constitution of Missouri, 1945, V.A.M.S. Moreover, we must bear in mind that our jurisdiction must affirmatively appear from the record of the trial court and must so appear at the time the appeal is taken. Nothing that subsequently occurs may be invoked to confer jurisdiction. Stuart v. Stuart, 320 Mo. 486, 8 S.W.2d 613.

The final award herein was made on October 19, 1954. It included the sum of $770.75 for medical aid, $1,000 for facial disfigurement, and $30 per week for 200 weeks for permanent partial disability, "said payments to begin as of February 1, 1953, and to be payable and be subject to modification and review as provided by said law." No compensation had been paid at the date of said award.

It will be seen from the foregoing that if all of the amounts provided in the said award are eventually paid, the total received would be $7,770.75. Therefore, if it may be said that the total of the award is the amount in dispute, then it is apparent that we would have jurisdiction. On the other hand, we note that the amount of the permanent partial disability that had accrued at the time this appeal was taken (May 13, 1955) was $3,540, which, together with the allowances for medical aid and disfigurement, would make a total due on that date of $5,310.75.

We have heretofore stated that "Our jurisdiction attaches when, and only when, the record of the trial court affirmatively shows that there is involved in the controversy, independent of all contingencies, an amount exceeding $7,500". Hardt v. City Ice & Fuel Co., 340 Mo. 721, 102 S.W.2d 592, 593. In applying that rule to the instant case we cannot say that the amount in dispute, *independent of all contingencies*, exceeds $7,500.

In Section 287.230, subd. 2 RSMo 1949, V.A.M.S., it is provided that "Where an employee is entitled to compensation under this chapter for an injury received and death ensues for any cause not resulting from the injury for which he was entitled to compensation, payments of the unpaid unaccrued balance for such injury shall cease and all liability therefor shall terminate unless there be surviving dependents at the time of such death." Under that provision it is apparent that the liability for the unaccrued payments for claimant's permanent partial disability would terminate in the event of his death without leaving one or more dependents surviving. Scannell v. Fulton Iron Works Company, Mo.Sup., 289 S.W.2d 122. Since a contingency exists under which liability for the payment of the instant award (and judgment thereon) may be terminated before a sum in excess of $7,500 has accrued, we cannot say with certainty that the amount in dispute exceeds that sum. Hardt v. City Ice & Fuel Co., supra; Platies v. Theodorow Bakery Co., 334 Mo. 508, 66 S.W.2d 147; Stuart v. Stuart, supra; Powers v. Universal Atlas Cement Co., Mo. App., 261 S.W.2d 512; and Crow v. Missouri Implement Tractor Company, Mo. Sup., 292 S.W.2d 573.

This court being without appellate jurisdiction, the cause is transferred to the Springfield Court of Appeals.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.