**W. C. CROW (Employee), Appellant,**

v.

**MISSOURI IMPLEMENT TRACTOR COMPANY and Hardware Mutual Casualty Company (Employer and Insurer), Respondents.**

**No. 45329.**

Supreme Court of Missouri.
Division No. 1.

July 12, 1956.

Joslyn & Joslyn, L. D. Joslyn, T. B. Russell, Charleston, for appellant.

Hyde & Purcell, George R. Wilhoit, Jr., Poplar Bluff, for respondents.

VAN OSDOL, Commissioner.

This is a Workmen's Compensation case. The appeal is by the employee from the judgment of the Circuit Court affirming an award of the Industrial Commission, Division of Workmen's Compensation, in favor of the employer and insurer. The claim for compensation was instituted by W. C. Crow, employee of the Missouri Implement Tractor Company of Charleston. The employer was a dealer in farming implements; and employee was foreman of employer's shop. Employee suffered a coronary occlusion while assisting in adjusting a farm implement for employer in employer's shop.

The Commission, in making its final award denying compensation, found "from all the evidence that the incident or events that occurred on August 21, 1954, while the employee was working for said employer, subjected employee to an abnormal strain or exertion, which we find caused the employee to sustain an acute coronary occlusion or thrombosis. We further find that as the result of said coronary attack he is permanently and totally disabled, for which he would be entitled to 300 weeks of compensation at the rate of $35 per week, medical aid in the total sum of $804.45, and $16.25 per week after the 300-weeks period for the remainder of his life, provided that he did sustain an accident on August 21, 1954, arising out of and in the course of his employment * * *. We further find from all the evidence that this employee, W. C. Crow, sustained an abnormal strain while holding up the elevator to an International two-row Corn Picker, Model No. 2–ME. We further find that this abnormal strain was not preceded or accompanied by any unusal or unexpected occurrence and, therefore, was not an accident as the same is defined by the Missouri Workmen's Compensation Act, Section 287.010 et seq. RSMo 1949, V.A.M.S., and judicial decisions of said definition. * * * Compensation, therefore, must be and the same is hereby denied."

Appellant has stated that this court has appellate jurisdiction of this case on the ground of the "amount in dispute". Art. V, § 3, Const. V.A.M.S. Respondents, employer and insurer, have not questioned appellant's jurisdictional statement; however, since this court's appellate jurisdiction is not general, but specifically limited by our Constitution, it is our duty to determine in each case whether this court has jurisdiction of the appeal, al-

though this court's jurisdiction has not been questioned. In this case, if this court does have appellate jurisdiction it is because of the amount in dispute; but this court is not warranted in assuming jurisdiction simply because the amount in dispute might fortuitously or by mere chance exceed $7,500. It has been written that we are on firmer ground "in holding, as we do, that the appellate jurisdiction of this court, on the ground of the amount in dispute, attaches when, and only when, the record of the trial court affirmatively shows that there is involved in the controversy, independent of all contingencies, an amount exceeding $7,500, exclusive of costs." Stuart v. Stuart, 320 Mo. 486, 8 S.W.2d 613, 614; Hardt v. City Ice & Fuel Co., 340 Mo. 721, 102 S.W. 2d 592; Scannell v. Fulton Iron Works Co., Mo.Sup., 289 S.W.2d 122, and cases therein cited.

■ It will be seen that if the award of Commission in favor of employer and insurer were reversed and an award were made in favor of employee in the weekly amount of $35 for 300 weeks, and for medical aid in the total sum of $804.45, as well as for $16.25 per week after the 300-week period for the remainder of employee's life, and amount of compensation (plus medical aid) much in excess of $7,500 might accrue and become payable and the employer would be liable therefor; however, this right of employee to compensation in the stated weekly payments for any period of time, which would make the aggregate of such payments in excess of $7,500, is not independent of all contingencies.

At the time of the appeal (assuming the award should have been made and was made in favor of employee) compensation, plus medical aid, in the amounts as stated in Commission's findings, was not accrued in a total amount in excess of $7,500. And obviously this is not a case involving a death benefit, Section 287.240(2) RSMo 1949, V.A.M.S., in excess of $7,500 awarded

as a "single total death benefit," which amount, if in dispute, would vest the appellate jurisdiction of a case in this court, although the award were payable in installments, Shroyer v. Missouri Livestock Commission Co., 332 Mo. 1219, 61 S.W.2d 713; Scannell v. Fulton Iron Works Co., supra.

It is provided in § 287.200, L. 1953, p. 533, that compensation in specified weekly amount for total permanent disability may be awarded during 300 weeks and thereafter in specified weekly amount for life. And it is provided in Section 287.230(2) RSMo 1949, V.A.M.S., that where an employee is entitled to compensation for an injury received "and death ensues for any cause not resulting from the injury for which he is entitled to compensation, payments of the unpaid unaccrued balance for such injury shall cease and all liability therefor shall terminate unless there be surviving dependents at the time of such death." Under the subsection 2, § 287.230, supra, the right of the employee to compensation for disability is contingent upon his survival, and the right to the accrued and unaccrued compensation survives to the employee's dependents; but the right terminates or dies with the employee if he has no dependents. Scannell v. Fulton Iron Works Co., supra; Henderson v. National Bearing Division of American Brake Shoe Co., Mo.App., 267 S.W.2d 349; Nations v. Barr, Mo.App., 43 S.W.2d 858. Thus the right to compensation in the instant case (assuming but not deciding that the award should have been for employee) is not enforceable at all events for any definite length of time, its value is contingent, and the amount in dispute is not in excess of $7,-500 independent of all contingencies. This court does not have appellate jurisdiction of the case. Hogue v. Wurdack, Mo.Sup., 292 S.W.2d 576; Scannell v. Fulton Iron Works Co., supra; Hardt v. City Ice & Fuel Co., supra; Platies v. Theodorow Bakery Co., 334 Mo. 508, 66 S.W.2d 147; Powers v. Universal Atlas Cement Co., Mo. App., 261 S.W.2d 512.

The cause should be transferred to the Springfield Court of Appeals.

It is so ordered.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.