**Sterling W. STONE, Respondent,**

v.

**Floyd E. STONE, d/b/a Stone & Bauman, and Iowa Mutual Insurance Company, Appellants.**

**No. 22605.**

Kansas City Court of Appeals.

Missouri.

April 1, 1957.

Strubinger, Tudor, Tombrink & Wion, St. Louis, Albert L. Hencke, Kansas City, for appellant Iowa Mutual Ins. Co.

Pickett, Andereck & Hauck, Russell N. Pickett, Eugene E. Andereck, Trenton, for respondent.

BROADDUS, Presiding Judge.

This is an appeal from a judgment of the Circuit Court affirming a final award of the Industrial Commission in favor of Sterling W. Stone, employee, claimant, against Floyd E. Stone, doing business as Stone & Bauman, employer, and Iowa Mutual Insurance Company, insurer.

The Commission found that claimant sustained an accident arising out of and in the course of his employment, and was entitled to be paid the sum of $30 per week for a period of 240 weeks for permanent partial disability; also the sum of $311.70 for medical aid, or a total of $7,511.70.

The appeal in this case was originally taken to the Supreme Court. That court transferred the case to this court. The Supreme Court's transfer order was based upon its holding in two recent cases that, although the judgment exceeds the sum of

$7,500, "a contingency exists under which liability for the payment" of an award (such as here involved) "may be terminated before a sum in excess of $7500 has accrued", and, therefore the Supreme Court is without jurisdiction. See Crow v. Missouri Implement Tractor Co., Mo., 292 S.W. 2d 573 and Hogue v. Wurdack, Mo., 292 S.W.2d 576. .

The parties agree that the only controverted issue on this appeal is the matter of the liability of appellant, Iowa Mutual Insurance Company, as alleged insurer. On this issue the finding of the Commission was as follows:

"We further find that Floyd E. Stone, employer herein, prior to the date of the accident aforesaid, had insured his liability under the Workmen's Compensation Law with the Iowa Mutual Insurance Company which issued its policy No. L–540402, effective from September 10, 1952, to September 10, 1953; that on January 6, 1953, the employer attempted to cancel said policy, and that said policy was in the process of being cancelled. We further find that an underwriter for the Iowa Mutual Insurance Company refused to cancel said policy until the company was supplied with payroll figures to make cancellation of this risk or authority to retain the minimum premium of $52 as earned; that this letter was dated January 12, 1953, and was received on January 13, 1953, by the agent, Weimer West, of the Iowa Mutual Insurance Company; and that no action was taken by him on this letter and instructions from the home office of the Iowa Mutual Insurance Company. We find and conclude, therefore, that on the date of accident herein, January 13, 1953, said policy was in full force and effect, and that at said time the employer was insured by the Iowa Mutual Insurance Company, and that said company is primarily and directly liable for the payment of compensation herein awarded employee as the insurance carrier for said employer, as provided by Section 287.300, R.S.1949 [V.A. M.S.]."

■ The rule is now firmly established that a reviewing court may not substitute its own judgment on the evidence for that of an administrative tribunal. It is authorized to decide whether such tribunal could have reasonably made its findings, and reached its result, upon consideration of all of the evidence before it, and to set aside decisions clearly contrary to the overwhelming weight of the evidence. Wood v. Wagner Electric Corp., 355 Mo. 670, 197 S.W.2d 647; Seabaugh's Dependents v. Garver Lumber Mfg. Co., 355 Mo. 1153, 200 S.W.2d 55.

■ In the instant case the finding of the Commission that the policy of insurance had not been cancelled on the date claimant received his injury finds ample support in the evidence. As proof of this it is only necessary to refer to the letter dated January 12, 1953, from Mr. Barber, appellant's insurance underwriter, to Mr. West, appellant's agent. That letter stated "it is *necessary that we get payroll figures to make cancellation* of this risk or retain the minimum premium of $52 as earned and return to you $28.70." As found by the Commission no action was taken by West on this letter prior to the date of claimant's injury.

In the case of Dyche v. Bostian, Mo.App., 229 S.W.2d 25, this court, after reviewing all of the authorities, held that to effect a cancellation of a policy there must be an *actual* cancellation and not a *mere intention* to cancel. The Dyche case was transferred to the Supreme Court. That court reached the same conclusion. See Dyche v. Bostian, Mo., 233 S.W.2d 721.

In the instant case, all that was shown was an *intent* to cancel. The judgment should be affirmed. It is so ordered. All concur.