Pauline Grace CORP, Carl Eugene Corp, Paula Marie Corp and Sue Beth Corp, Claimants-Appellants,

v.

JOPLIN CEMENT CO. and Phoenix Assurance Co. of New York, Defendants-Respondents.

No. 7782.

Springfield Court of Appeals.

Missouri.

May 2, 1959.

Robert P. Warden, William C. Myers, Jr., Webb City, for claimants-appellants.

Richart & Titus, Joplin, for defendants-respondents.

STONE, Presiding Judge.

When Carl D. Corp was killed in a vehicular accident in Jasper County, Missouri, on June 16, 1956, he left surviving a pregnant widow, Pauline Grace Corp, and two minor children, Carl Eugene, then four years old, and Paula Marie, then about nine months old. The widow's pregnancy was terminated on December 6, 1956, by the birth of Sue Beth. In this proceeding for maximum death benefits under the Missouri Workmen's Compensation Law, the widow and three minor children appeal from a judgment of the Circuit Court of Jasper County affirming the final award of the Industrial Commission of Missouri which denied compensation because (as both the referee in the first instance and the Industrial Commission on review found) the vehicular accident causing Corp's death did not arise out of and in the course of his employment. Section 287.120 RSMo 1949, V.A.M.S.

The appeal initially was taken to, and lodged in, the Supreme Court of Missouri. Misinterpreting the scope and effect of the opinion in Snowbarger v. M. F. A. Central Cooperative, Mo. (banc), 317 S.W.2d 390, which was handed down before the instant case was briefed and submitted on appeal, all interested counsel in this case joined in a stipulation and motion to transfer the cause to the Springfield Court of Appeals; and, on the same day that stipulation was filed, to-wit, on December 29, 1958, an order of transfer was entered by the Supreme Court. But, the tranquil repose of the file and transcript in the office of our clerk pending briefs and submission here has been interrupted by presentation to us of a "Joint Stipulation and Motion to Retransfer Cause to the Supreme Court"

in which counsel for claimants (appellants) and for the employer and insurer (respondents) agree and urge upon us that "the facts in the present case are identical" with those in Gennari v. Norwood Hills Corporation, Mo., 322 S.W.2d 718 in which an opinion was handed down by Division 2 on March 9, 1959, and that, under the Gennari opinion, we have no appellate jurisdiction and the case should be retransferred to the Supreme Court.

Desirous as we are that we should not impinge upon the jurisdiction which our Supreme Court presently believes that it has in workmen's compensation cases, and willing as we may be that no stumbling block be thrown in the path of perspicacious counsel seeking to expedite final disposition of their litigation, we nevertheless have thought it unwise and imprudent to grant the prayer of counsel on the naked averments in their joint stipulation and motion without examining carefully not only the opinions in the Snowbarger and Gennari cases, supra, but also the transcript on appeal originally filed in the Supreme Court on August 2, 1958. From a review of the transcript, we find that it was alleged in the claim for compensation that the average weekly wage of the deceased was $120 and that, in the course of the preliminary stipulations before the hearing referee, counsel for the employer and insurer frankly agreed that the average weekly wage "would be the maximum," i. e., that it would have supported a maximum death benefit award of $12,000; and, we further find that "the total dependents of the employee," to whom such death benefit would be payable, include not only the widow but also the minor children identified in the first paragraph of this opinion. Section 287.240 RSMo 1949, 15 V.A.M.S.; as amended Laws of 1953, p. 533.

Having examined the Snowbarger and Gennari opinions and having reviewed the transcript on appeal, we are of like persuasion and mind as stipulating counsel in the case at bar, and we are convinced that,

if the Gennari opinion is sound (as we respectfully regard it) and if it is the last controlling decision of our Supreme Court on an analogous state of facts (as it apparently is), the amount in dispute on this appeal, exclusive of costs, is in excess of $7,500 and this cause is one of which the Supreme Court is given exclusive appellate jurisdiction. Art. 5, Sec. 3, Const. of Mo.1945, V.A.M.S. So finding, we undertake to bring the jurisdictional merry-go-round to a halt that the dizzy riders litigant may alight at the proper landing, by directing the clerk of this court to retransfer this cause forthwith [Section 477.080 RSMo 1949, V.A.M.S.], together with a copy of this order, to the clerk of the Supreme Court of Missouri.

McDOWELL and RUARK, JJ., concur.