Daniel K. NAGLE, Plaintiff-Appellant,

v.

Monnie DREW, Defendant,

Oliver E. Wade, Charles Rohlfing, Charles Clemons, and Aetna Casualty and Surety Company, Defendants-Respondents.

No. 32496.

St. Louis Court of Appeals.

Missouri.

Nov. 15, 1966.

Mogab & Hughes, by Richard L. Hughes, St. Louis, for appellant.

David G. Dempsey and Lloyd E. Eaker, Eaker, Dempsey, Zerman & Dempsey, Clayton, for respondent, Wade.

Luke, Cunliff, Wilson, Herr & Chavaux, by Robert R. Schwarz, St. Louis, for respondent, Aetna Cas. and Surety Co.

CLEMENS, Commissioner.

This is an appeal in a Workmen's Compensation case concerning the claimant's fruitless efforts to show that he was a statutory employee under § 287.040(1), V.A. M.S. The claimant-appellant, 53-year-old Daniel K. Nagle, suffered paralyzing injuries while working for defendant Monnie Drew. Drew, an independent contractor, was then operating his own bulldozer for a partnership composed of defendants-respondents Oliver E. Wade, Charles Rohlfing and Charles Clemons. Nagle has withdrawn his claim against his immediate employer, Monnie Drew, who was a minor employer not covered by the Workmen's Compensation Law. Nagle's claim is against defendants Wade, Rohlfing and Clemons as statutory employers and against their alleged insurer, Aetna Casualty and Surety Company.

The Division of Workmen's Compensation denied Nagle's claim and on appeal the Industrial Commission of Missouri affirmed. On Nagle's next appeal the Circuit Court affirmed the Commission's award denying liability. In the wake of these three adverse rulings, Nagle appealed to the Supreme Court. It concluded that the amount in dispute fell short of $15,000 and transferred the case to us. (Nagle v. Drew, Mo., 396 S.W.2d 709.)

Here, Nagle contends he is entitled to compensation from Wade, Rohlfing and Clemons because they were his statutory employers. Section 287.040(1), V.A.M.S., provides that if persons have work of their usual business performed under contract and upon premises under their exclusive control, they are liable for injuries to the contractor's employees. The decisive issue: Where a landowner designated three partners as successful bidders to lease its land to operate a rubbish disposal area, and preparatory to operating the area under the proposed lease the partners hired the claimant's employer as an independent contractor to widen an access road in the area-to-be-leased, were the partners the claimant's statutory employers?

We state the evidence on this issue. St. Louis county owned an unfenced, 37-acre tract used by the public as a dumping ground, without supervision or restrictions. The St. Louis County Council decided on a new plan: They would rent the land to a lessee; the lessee would supervise the dumping ground and could charge persons for dumping refuse; the lessee would pay an annual rental to the county. On June 15, 1961, defendants Wade, Rohlfing and Clemons bid $17,500 for a five-year lease. On July 27, 1961, the County Council passed an ordinance stating that it "enters into a lease" with Wade, Rohlfing and Clemons for a five-year term "commencing on date

of execution of a formal contract." On August 9, 1961, St. Louis county and Wade, Rohlfing and Clemons executed a lease for a five-year term beginning November 1, 1961. We are concerned here with events occurring immediately after the passage of the county's ordinance on July 27, 1961.

Defendant Wade had read in a newspaper that the county had accepted the partners' bid. Without consulting any county official, Wade hired Monnie Drew to bulldoze a road running along an old quarry on the dumping ground. Wade told Drew to make it wide enough for two-lane dump truck traffic. Drew began widening the road and pushing brush into the quarry.

At noon on July 31, the third day of Drew's work at the dumping ground, Drew was bulldozing along the roadway close to the quarry's edge. Nagle was watching Drew, guiding him so that the bulldozer would not get too close to the quarry. But the bulldozer struck a tree and one of the limbs fell on Nagle's back, fracturing a vertebra.

As said, the dumping ground was open to public use, and before and after Nagle's injury trucks and pedestrians were freely coming and going all over the tract. Wade, Rohlfing and Clemons had no permission from the county to do any work at the dumping ground; indeed, county officials had asked them to leave.

Drew's bulldozing would make it easier for trucks to pass on the road and to dump rubbish into the quarry. At that time, however, Wade, Rohlfing and Clemons had no plan for dumping at specific locations; and, by their subsequent lease the county designated the places where rubbish was to be dumped. When they did begin operations the partners rented a grader to cover rubbish that had been dumped into the quarry. So much for the facts.

In his brief, claimant Nagle frankly admits he must show that at the time of his injury the dumping ground was under the partners' exclusive control and, also, that Monnie Drew's bulldozing was then part of the partners' usual business. Section 287.040(1), V.A.M.S. These two points in turn.

■ The statutory phrase "his premises" does not mean ownership, but does mean a place under "the exclusive control of the employer." Any construction more liberal than this would go beyond the terms of the statute. See State ex rel. Potashnick v. Fulbright, 350 Mo. 858, 169 S.W.2d 59[2]. In that case the court denied liability, holding that "his premises" did not include a railroad siding where the defendant had a right—but not the exclusive right—to unload freight cars. Nagle cites the case of Crabtree v. Ramsey, Mo.App., 115 S.W.2d 14[2], as authority for the proposition that "his premises" includes land which a defendant "uses to all intents and purposes as his own." Those words were plucked out of context from that opinion. There the defendant had "complete control" of a tract of timber and "the exclusive right of ingress and egress." That case does not support claimant. Furthermore, the Potashnick case, supra, refutes his contention. There the court rejected the claimant's contention that the statutory requirement was met if the defendant "appropriated the premises to his use." The evidence here not only fails to show that the dumping ground was under the exclusive *physical control* of the three partners, it actually disproves that contention.

■ We must also reject Nagle's contention that Wade, Rohlfing and Clemons had the *lawful right* to exclusive control of the land. Nagle argues that the land was leased to the partners by the July 27th ordinance, thereby making the land "their premises." Not so. The ordinance set the term of the lease at five years "commencing on date of execution of a formal contract." Wade, Rohlfing and Clemons had no right to exclusive control of the land

until the start of their lease on November 1, 1961. We hold that neither in fact nor in law did Wade, Rohlfing and Clemons. have such exclusive control of the premises as to be statutory employers under § 287.040 (1), V.A.M.S.

 As said, Nagle also contends that the work done by his immediate employer, Monnie Drew, was part of the partners' usual business at the dumping ground. The purpose of subsection 1 of § 287.040, V.A.M.S., is to prevent an employer from eluding liability by hiring an independent contractor to perform work that his own employees would otherwise perform. Viselli v. Missouri Theatre Building Corp., Mo., 234 S.W.2d 563[3]. Nagle argues that the road had to be widened to allow trucks to pass one another and to dump in the quarry; that Drew's work was necessary to the dumping ground operation; that the bulldozing was therefore a part of the partners' usual business. We reject this. Assuming that road building is a part of the operation of a dumping ground, still the partners did not yet have any "usual business" at the dumping ground. In any event, the assumption is invalid: the only purpose of Drew's work was to facilitate the partners' future operation of the dumping ground. Work by an independent contractor that is "only incidental, ancillary or auxiliary" to the operation of an employer's usual business does not come within the statute. Perrin v. American Theatrical Co., 352 Mo. 484, 178 S.W.2d 332[1]. We hold that Wade, Rohlfing and Clemons were not statutory employers under § 287.-040(1), V.A.M.S., for the further reason that the work being done by Nagle's immediate employer was not an operation of the partners' usual business.

Therefore, we uphold the finding of the Industrial Commission which denied compensation on the stated ground that claimant Daniel K. Nagle was not a statutory employee of defendants Oliver E. Wade, Charles Rohlfing and Charles Clemons. It thus becomes unnecessary for us to rule the dependent issue concerning the defendant insurer's liability.

The judgment of the Circuit Court is affirmed.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.