**Clyde BESS, Plaintiff-Appellant,**

v.

**COCA–COLA BOTTLING COMPANY OF ST. LOUIS, Defendant-Respondent.**

No. 54614.

Supreme Court of Missouri, Division No. 1.

Sept. 14, 1970.

Fred Roth, St. Louis, for plaintiff-appellant.

Hugh S. Wilson, Luke, Cunliff, Wilson, Herr, Chavaux & McCluggage, St. Louis, for defendant-respondent.

GEORGE P. ADAMS, Special Judge.

A 40-year-old, married and childless employee's claim for compensation based on "contracted and/or aggravated pre-existing tuberculosis" was denied by a referee and the Industrial Commission. The circuit court affirmed the award denying compensation. On March 24, 1969 claimant appealed to this court.

In his brief, claimant seeks to invoke the appellate jurisdiction of this court because the amount in dispute is more than $15,000.-

00 saying that at the hearing before the Industrial Commission, evidence was adduced claiming doctor bills of $800.00, hospital bills of $868.65, temporary total disability of $950.00, drugs in the amount of $500.00, "other expenses" of $429.84 and permanent partial disability of 85–90% of a man or $14,450.00, aggregating $17,997.91.

In their brief, Employer-Insurer make no statements with reference to our appellate jurisdiction—apparently agreeing with claimant.

■ However, even though there is no dispute between the parties as to our appellate jurisdiction, we must, nevertheless, first make that determination—it cannot be conferred by consent. Sunray DX Oil Company v. Lewis, Mo., 426 S.W.2d 44, 48(1–3).

Our appellate jurisdiction "must affirmatively appear from the record of the trial court and must so appear at the time the appeal is taken. Nothing that subsequently occurs may be invoked to confer jurisdiction." Hogue v. Wurdack, Mo., 292 S.W. 2d 576, 577(1).

■ Where, as here, the appeal is from a judgment affirming an award denying compensation, "the amount in dispute may be determined from the claim for compensation, the transcript of proceedings before the referee, the findings and award of the commission, and other pertinent parts of the record." Gennari v. Norwood Hills Corporation, Mo., 322 S.W.2d 718, 722(8).

In his claim, claimant sets December ——, 1963 as the date of "accident" or "incidence of occupational disease." The "total value compensation claimed" was "as per Act."

Claimant remained unemployed from December, 1963 until January, 1967 when he started to work as a filling station attendant.

At the hearing before the referee it was stipulated that claimant's rate of compensation for temporary total was $47.50 per week and for permanent partial, $42.50 per week.

The total of "a list of every expense" that claimant "could remember connected with this case" was $2597.91. For the use in determining the "amount in dispute" we shall assume, but do not decide, that all of such expenses are recoverable.

Since his claim is based on permanent partial disability, we will also assume he is entitled to the full 20-week "healing period" at the agreed rate of $47.50 per week, or $950.00.

A doctor, called as a witness by claimant, testified that he had "between 85 and 90 percent permanent disability."

The appeal was taken (March 24, 1969) not more than 277 weeks after the date of the claimed "accident" or "incidence of occupational disease." 277 weeks at the agreed rate of compensation for permanent partial disability, $42.50 per week, is $11,772.50. Using the maximum percentage of disability testified to, 90%, the accrued compensation due claimant "at the time the appeal is taken" would have been $10,595.25. Hogue, supra, 292 S.W.2d 577; Nagle v. Drew, Mo., 396 S.W.2d 709, 710(2).

Medical and "other expenses" of $2597.91, "healing period" compensation of $950.00 and permanent partial disability payments of $10,595.25 due at the time the appeal was taken total only $14,143.16.

■ In his jurisdictional statement, claimant computed the "permanent partial disability" at $14,450.00. This apparently was arrived at by using 85% of 400 weeks at the rate of $42.50 per week, the total permanent partial payments that would eventually become due if he lived, or if he died leaving surviving dependents at the time of such death. On the other hand, the liability for the unaccrued payments for permanent partial disability would terminate in the event of his death without leaving one or more surviving dependents. Section 287.230(2), V.A.M.S.

Since, at the time the appeal was taken, a contingency existed under which liability for the payment of the award claimant seeks could have been terminated before a sum of $15,000.00 had accrued, we are without appellate jurisdiction. Hogue, supra, 292 S.W.2d 577(3); Nagle, supra, 396 S. W.2d 710(2).

The cause is ordered transferred to the St. Louis Court of Appeals.

SEILER, P. J., and HOLMAN, J., concur.

BARDGETT, J., not participating because not a member of the Court when cause was submitted.